United States District Court
Southern District of Texas
**ENTERED**
September 10, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARYL HEROD, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:23-CV-04465 |
| | § | |
| DMS SOLUTIONS, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION

On June 5, 2024, Defendant's Motion to Compel Arbitration (Dkt. 23) was referred to United States Magistrate Judge Andrew M. Edison under 28 U.S.C. § 636(b)(1)(B)–(C). Dkt. 35. Judge Edison filed a Memorandum and Recommendation on July 26, 2024, recommending the motion be **DENIED**. Dkt. 39.

On August 9, 2024, Defendant filed its Objections. Dkt. 40. In accordance with 28 U.S.C. § 636(b)(1)(C), this Court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* FED. R. CIV. P. 72(b)(3).

The Court has carefully considered the Objections; the Memorandum and Recommendation; the pleadings; and the record. The Court **ACCEPTS** Judge Edison's Memorandum and Recommendation and **ADOPTS** it as the opinion of the Court. In so

ruling, the Court declines to consider the newly proffered legal argument submitted with Defendant's Reply in support of its Objections. Dkt. 46. *See Freeman v. Cnty. of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998) (distinguishing newly proffered evidence from legal issues and observing that "waiver may bar a party from raising new legal objections to the district court"). "By waiting until after the magistrate court had issued its findings and recommendations [to raise a legal argument based on information that has been publicly available since before this lawsuit was filed], [Defendant] has waived [its inactive LLC] objections." *Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994) ("[A] party has a duty to put its best foot forward before the Magistrate Judge—i.e., to spell out its arguments squarely and distinctly—and, accordingly, that a party's entitlement to de novo review before the district court upon filing objections to the Report and Recommendation of the Magistrate Judge does not entitle it to raise issues at that stage that were not adequately presented to the Magistrate Judge." (quotation omitted)); *see also Field v. Anadarko Petroleum Corp.*, 35 F.4th 1013, 1019 n.3 (5th Cir. 2022) ("The Intervenors may have forfeited their argument related to possible indemnity . . . because it is not clear they raised this issue until they filed objections to the magistrate judge's report and recommendation."); *K Invs., Inc. v. B-Gas Ltd.*, No. 21-40642, 2022 WL 964210, at *5 (5th Cir. Mar. 30, 2022) ("It is well settled that *issues* raised for the first time in objections to a magistrate judge's report are deemed not properly before the district court and therefore cannot be raised on appeal." (emphasis added)); Firefighters' Ret. Sys. v. EisnerAmper, L.L.P., 898 F.3d 553, 559 (5th Cir. 2018) ("Plaintiffs forfeited their judicial estoppel argument by raising it for the first time in their objection to the magistrate judge's Report

and Recommendation."); *Cooper v. City of Dallas*, 402 F. App'x. 891, 892 n.1 (5th Cir. 2010) ("Because judicial estoppel was not properly presented to the magistrate judge, we cannot address it here."); *Cornett v. Astrue*, 261 F. App'x. 644, 650 (5th Cir. 2008) ("Cornett did not present his legal impediments arguments to the magistrate judge and, therefore, is not entitled to raise them on appeal."); *F.T.C. v. Namer*, No. 06-30528, 2007 WL 2974059, at *7 (5th Cir. Oct. 12, 2007) ("This Circuit has held that a party who objects to a magistrate judge's report waives any legal arguments that were not made first before the magistrate judge."). While some Fifth Circuit authority on this point casts waiver as a matter of law, this Court declines to entertain Defendant's belated argument as a matter of discretion. *See Requena-Rodriguez v. Pasquarell*, 190 F.3d 299, 307 (5th Cir. 1999) ("Our decision to consider Requena's arguments does not detract from a district court's power to decide that legal arguments not raised before a magistrate judge are waived.").

It is therefore **ORDERED** that:

(1) Judge Edison's Memorandum and Recommendation (Dkt. 39) is **APPROVED AND ADOPTED** in its entirety as the holding of the Court; and

(2) Defendant's Motion to Compel Arbitration (Dkt. 23) is **DENIED**.

It is so **ORDERED**.

SIGNED at Houston, Texas on September 10, 2024.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE