United States District Court
Southern District of Texas
**ENTERED**
October 21, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DARYL HEROD, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:23-cv-04465 |
| | § | |
| DMS SOLUTIONS, INC., | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Before me is Defendant's Opposed Motion to Stay Discovery. Dkt. 58. Defendant DMS Solutions Inc. ("DMS") asks me to stay discovery until after the disposition of its Renewed Motion to Compel Arbitration. *See* Dkt. 57.

DMS argues that it "does not make sense to engage in costly discovery when this threshold issue of arbitrability has not been fully decided." Dkt. 58 at 3. I wholeheartedly agree.

Resolution of the Renewed Motion to Compel Arbitration will conclusively settle which tribunal—the federal courts or a sole arbitrator—will address and decide discovery issues. DMS "would face prejudice and undue expense if the Court allows Plaintiff [Daryl Herod] to use the discovery mechanisms designated for civil litigants in a case that may ultimately be referred to an arbitrator." *Rosales v. Coca-Cola Sw. Beverages LLC*, No. EP-18-cv-361, 2019 WL 13255746, at *1 (W.D. Tex. Apr. 3, 2019). For this reason, district courts across this nation routinely grant stays of discovery pending a decision on a motion to compel arbitration. *See, e.g., Falcon v. Televisaunivision Digital, Inc.*, No. 8:23-cv-2340, 2024 WL 639789, at *1 (M.D. Fla. Feb. 15, 2024); *Alvarez v. Experian Info. Sols., Inc.*, No. 2:19-cv-03343, 2021 WL 2349370, at *2 (E.D.N.Y. June 7, 2021); *Mahamedi IP Law, LLP v. Paradice & Li, LLP*, No. 5:16–cv–02805, 2017 WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017).

Briefing on DMS's Renewed Motion to Compel Arbitration will be complete in just two short weeks. I will then promptly review the briefing and pertinent legal authorities. I expect to issue an opinion deciding the arbitration issue by year-end. Given this abbreviated timetable, a brief discovery stay will not prejudice Herod. If I deny the Renewed Motion to Compel Arbitration, Herod can launch into full discovery in a mere matter of months. And if I find that his claims are subject to arbitration, he will not be harmed by not having taken discovery to which he is not entitled. *See Roadbuilders Machinery Supply Co. v. Sennebogen, Inc.*, No. 11–2681, 2012 WL 1253265, at *2 (D. Kan. Apr. 13, 2012) ("[T]his Court does not find that Plaintiffs will be unduly prejudiced by this delay in beginning the discovery process. In fact, if the case is transferred to arbitration, Plaintiffs may benefit from not having to change course in their discovery plan. Allowing discovery at this point would, however, require Defendant to expend resources on litigation activities that it sought to avoid when it included an arbitration clause in the . . . agreement.").

It is well-established that "[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). I will exercise that discretion to stay discovery in this matter until the Renewed Motion to Compel Arbitration is decided. Defendant's Opposed Motion to Stay Discovery Is **GRANTED**.

\* \* \*

As for the merits of DMS's Renewed Motion to Compel Arbitration, I bring the parties' attention to the Fifth Circuit's recent decision in *Cure & Associates, P.C. v. LPL Fin. LLC*, ---F.4th---, No. 23-40519, 2024 WL 4351607 (5th Cir. Oct. 1, 2024). My recommendation that DMS's initial Motion to Compel Arbitration be denied was based primarily on the Fifth Circuit's observation that intertwined claims estoppel "governs motions to compel arbitration when a *signatory-plaintiff* brings an action against a *nonsignatory-defendant* asserting claims dependent on

a contract that includes an arbitration agreement that the defendant did not sign." Dkt. 39 at 6 (quoting *Janvey v. Alguire*, 847 F.3d 231, 242 (5th Cir. 2017) (emphasis added)). Because "Herod is *not* a signatory-plaintiff" and "DMS is not a nonsignatory-defendant," I found that "[i]ntertwined claims estoppel 'does not govern the present case, where a signatory-defendant seeks to compel arbitration with a nonsignatory-plaintiff.'" Dkt. 39 at 6 (quoting *Janvey*, 847 F.3d at 242). In *Cure & Assocs.*, however, the Fifth Circuit held that under either California or Texas law, non-signatories to an arbitration agreement *can* be compelled to arbitration under intertwined clams estoppel. *See* 2024 WL 4351607, at *4–5.

I would appreciate the parties addressing this recent development in the case law in their briefing on DMS's Renewed Motion to Compel Arbitration. If the parties need additional time or additional pages (up to 5) to address this matter in their briefing, they need only confer and inform my Case Manager of their agreed-upon extensions.

SIGNED this 21st day of October 2024.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

3